# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SAUL PALOMERA, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 1:09-CV-0318-RWS-LTW |
| v. | : |
| IMMIGRATION CUSTOMS ENFORCEMENT, | : |
| Defendant. | : |

## **ORDER**

This matter comes before the Court for frivolity review pursuant to 28 U.S.C. § 1915(e). Plaintiff, proceeding *pro se*, was granted leave to proceed *in forma pauperis* in this action. (See Order of February 5, 2009 [3].)

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is also frivolous where the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist.  Neitzke, 490 U.S. at 327.

Although the Federal Rules of Civil Procedure do not require a Plaintiff to set forth in detail the facts upon which he bases his claim, see Arnold v. Bd. of Educ., 880 F.2d 305, 309 (11th Cir. 1989), "in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims . . . Rule 8 is applied more rigidly to allegations of conspiracy and absolute immunity, and to claims plead against a local government that the challenged conduct constitutes its official policy or custom."  Id.; see also Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) (stating that in § 1983 pleading some factual detail is necessary and stressing that the heightened Rule 8 requirement must be applied by the district courts).

Plaintiff alleges that he was improperly detained by Immigration and Customs Enforcement at Lumpkin, Georgia from May 9, 2007 until June 23, 2007. (Compl. [2].) Plaintiff's Complaint asserts causes of action for violation of civil rights pursuant to 42 U.S.C. § 1983, for a <u>Bivens</u> claim pursuant to 28 U.S.C. § 1331, for deprivation of constitutional rights pursuant to 28 U.S.C. § 1343(a), and for various state law claims. (Id.)

Immigration and Customs Enforcement is a federal agency under the Department of Homeland Security. In order to assert a claim under § 1983, the conduct "must have occurred 'under color of' state law; thus, liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it. . . . Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." <u>Nat'l Collegiate Athletic Ass'n v. Tarkanian</u>, 488 U.S. 179, 191 (1988)(internal quotations omitted) (emphasis added). Accordingly, Plaintiff's § 1983 action is improper due to its exclusive application to state actors.

3

Plaintiff next asserts a Bivens action pursuant to 28 U.S.C. § 1331. A Bivens claim may be asserted against a federal officer acting in his individual capacity, not in his official capacity. Thibeaux v. U.S. Atty. Gen., 275 Fed. Appx. 889, 2008 WL 1891474 (11th Cir. 2008)(unpublished)(Copy at App. 1) ("Bivens claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers acting in their official capacities." citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70-72, 122 S.Ct. 515, 521-22, 151 L.Ed.2d 456 (2001).) As Plaintiff has not identified any specific federal officers in his Complaint, the Court shall interpret the claim as asserted against the agency in an official capacity. Accordingly, Plaintiff's Bivens claim is frivolous.

Finally, Plaintiff asserts claims for violations of his constitutional rights and claims arising under state law. Again, all of these claims are stated against Immigration and Customs Enforcement, an agency of the federal government. Under the doctrine of sovereign immunity, the United States of America is immune from suit except to the extent that immunity has been expressly waived by statute. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from

4

suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). The Court finds that Plaintiff's claims seeking money damages are barred by sovereign immunity. Therefore, Plaintiff's complaint fails to state a claim for which relief can be granted.

## Conclusion

Based on the foregoing, it is hereby ordered that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

**SO ORDERED** this __8th__ day of April, 2009.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)